**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and CHARLES A. WHOBREY, Plaintiffs<br><br>v.<br><br>MARGARET ABRAHAM, Defendant. | No. 26 CV 1827<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendant's motion to dismiss [26] is granted. Any amended complaint is due on or before November 13, 2026. If the plaintiffs do not file an amended complaint by then, the Court will close the case. The November 19, 2026 status hearing is stricken.

## STATEMENT

Plaintiffs Central States Southeast and Southwest Areas Pension Fund (the "Fund") and Charles A. Whobrey bring this action against Defendant Margaret Abraham to recover an alleged overpayment of pension benefits. (R. 12 ¶ 1.)[1] The plaintiffs bring claims for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2)–(a)(3) (Counts I and II), equitable lien and constructive trust under ERISA, 29 U.S.C. § 1132(a)(3) (Count III), and common law fraud (Count IV). (*Id.*)

The following description of events underlying these claims is drawn from the complaint and presumed true for the purpose of resolving this motion. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Stanley Jarecki died on April 15, 2017, but the Fund continued paying him monthly pension benefits from May 2017 through May 2021. (R. 12 ¶¶ 14–15.) During this period, the Fund deposited $24,892 into Jarecki's account at Old National Bank. (*Id.* ¶ 19.) The Fund did not know Jarecki died until June 16, 2023. (*Id.* ¶ 17.) On September 20, 2023, the Fund sent a Demand for Payment letter to Old National Bank, but the bank explained that it was unable to return any funds because Jarecki's account had been closed. (*Id.* ¶ 20.) The

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

plaintiffs allege the defendant knew the Fund was continuing to deposit funds into Jarecki's account and concealed Jarecki's death from the Fund. (*Id.* ¶¶ 22–23.)

The defendant moves to dismiss the first amended complaint ("FAC")[2] for failure to state a claim. (*See generally* R. 26, the "Motion.") A Rule 12(b)(6) motion tests whether the plaintiff has provided "enough factual information to state a claim to relief that is plausible on its face" and has raised "a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pled factual allegations and draws all reasonable inferences in favor of the non-moving party. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is proper where "the allegations . . . , however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

**Counts I and II: Breach of Fiduciary Duty**

Counts I and II allege the defendant breached her duty as a fiduciary under ERISA. (R. 12 ¶¶ 26, 29.) For these claims to survive, the plaintiffs must plead "(1) that the defendant is a plan fiduciary; (2) that the defendant breached [her] fiduciary duty; and (3) that the breach resulted in harm to the plaintiff[s]." *Allen v. GreatBanc Tr. Co.*, 835 F.3d 670, 678 (7th Cir. 2016) (quoted source omitted). ERISA defines a fund fiduciary, in relevant part, as a person who "exercises any authority or control respecting management or disposition of [fund] assets." 29 U.S.C. § 1002(21)(A). The plaintiffs argue the defendant is a fiduciary of the Fund because she is in possession of the benefits it mistakenly paid her, which the plaintiffs argue are still the Fund's assets. (R. 30 at 3.) This argument does not pass muster.

As a threshold matter, the plaintiffs do not plead facts to show that the defendant has the money. According to the plaintiffs, the FAC alleges that "they paid pension benefits in error to an account Abraham controlled, she had access to and controlled those benefits, she was not entitled to them, and she refused to return them to the Fund." (R. 30 at 3 (citing R. 12 ¶¶ 14–24, 26–27, 29–30, 37).) While the FAC makes these allegations, it lacks facts that would make them plausible. It pleads that the Fund deposited benefits into Jarecki's account after his death and that the account was closed by the time the Fund contacted the bank. (R. 12 ¶¶ 14–20.) But the FAC pleads no facts that connect Jarecki, his bank account, or the mistaken payments to the defendant. Because the FAC does not plausibly allege the defendant is in possession of the overpaid benefits, the plaintiffs lack factual support for their allegation that she is a fiduciary because she possesses plan assets. As such, the Court does not reach the merits of the plaintiffs' legal theory. Counts I and II are dismissed without prejudice.

---

[2] The original complaint did not identify the defendant. (R. 1.) The plaintiffs identified her in the FAC. (R. 12.)

**Count III: Equitable Lien and Constructive Trust**

In Count III, the plaintiffs seek to assert an equitable lien and a constructive trust on the mistaken payments. (R. 12 ¶¶ 32–24.) "[T]o assert an equitable lien, a plaintiff must allege (1) 'a debt, duty or obligation' owed to it by the defendant, and (2) the existence of a *res*—an asset that in some way is particularly related to the debt or obligation." *CitiMortgage, Inc. v. Parille*, 49 N.E.3d 869, 880–81 (Ill. App. Ct. 2016) (quoted source omitted). Similarly, "[a] constructive trust is an equitable remedy that may be imposed to redress unjust enrichment caused by a party's wrongful conduct." *Indeck Energy Servs., Inc. v. DePodesta*, 183 N.E.3d 746, 762 (Ill. 2021) (quoted source omitted). "The proceeds of the alleged wrongful conduct must exist as an identifiable fund traceable to that conduct, such that it can become the *res* of the proposed trust." *Id.* (citations omitted).

The FAC does not plead the existence of an identifiable *res*. The plaintiffs argue that the property for the lien or trust is the $24,892 in overpaid pension benefits. (R. 30 at 8.) But as explained above with respect to Counts I and II, the FAC does not connect this money to the defendant. It only alleges that the Fund deposited the money into Jarecki's account, which was closed by the time the Fund inquired about it in 2023. (R. 12 ¶¶ 14–20.) The whereabouts of the money since then are unpled. Other than a few conclusory statements, nothing in the FAC alleges the money's current location, let alone that its current location is in the defendant's possession. Without an identifiable asset or fund, the plaintiffs' claim for an equitable lien and a constructive trust cannot proceed. Accordingly, Count III is dismissed without prejudice.

**Count IV: Fraudulent Concealment**

Because the Court dismisses the ERISA claims, it lacks independent jurisdiction over the plaintiffs' state law claim for common law fraud (*see* R. 12 ¶¶ 35–43) and declines to exercise supplemental jurisdiction over it. *RWJ Mgmt. Co. v. BP Products N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). Accordingly, Count IV is dismissed without prejudice.[3]

Date: October 23, 2026

JEREMY C. DANIEL
United States District Judge

[3] The Court also does not consider the plaintiffs' unpled allegation of fraudulent misrepresentation or its supporting materials, which they raise for the first time in their opposition brief. (*See* R. 30 at 5–8.)